ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICARDO R. HATTON RENTAS | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Peticionario | | |
| v. | KLCE202400432 | _____ CIVIL NÚM.: BY2022CV02085 Salón: 401 |
| | | _____ |
| JENNICE DURÁN ROSADO | | SOBRE: |
| Recurrida | | Daños y Perjuicios (Libelo y Calumnias) |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece ante nos el señor Ricardo R. Hatton Rentas (en adelante "Sr. Hatton" o "Peticionario"), quien nos solicita que revisemos la Resolución dictada el 27 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante "TPI"). En dicha Resolución, el TPI declaró *No Ha Lugar* la *Moción Solicitando la Desestimación de la Segunda y Tercera Reconvención Enmendada*, así como la Oposición a dicha moción.

Por los fundamentos que exponemos a continuación, procedemos a **denegar** la expedición del recurso ante nuestra consideración.

-I-

A continuación, iniciamos exponiendo los hechos pertinentes ante nuestra consideración.

Número Identificador

RES2024_____

El 26 de abril de 2022 el señor Hatton presentó una *Demanda*[1] contra la señora Jennice Durán Rosado (en adelante "Sra. Durán" o "Recurrida"), mediante la cual solicita una cuantía no menor de $1,000,000.00 en concepto de daños y perjuicios bajo la doctrina de Libelo y Calumnia. Correspondiente, la Sra. Durán presentó la *Contestación a Demanda*[2] y junto a ella una *Reconvención*[3]. Mediante dicha Reconvención, la Sra. Durán alega que el Sr. Hatton interfirió de manera torticera en la relación contractual entre esta y la Sra. Blanca Sáez Ortíz (en adelante "Sra. Sáez"). Oportunamente, el peticionario presentó la *Contestación a Reconvención*[4]. La parte recurrida presentó múltiples enmiendas a la contestación a Demanda y Reconvención. En la primera Reconvención, la recurrida alegó, en síntesis, que el peticionario interfirió en la relación contractual entre ella y su representada, la Sra. Sáez, ocasionando que tuviera que renunciar a la representación legal de esta. Por su parte, en la segunda[5] y tercera[6] Reconvención enmendada, la Sra. Durán alegó haber sufrido una acción de daños y perjuicios por persecución maliciosa. Así las cosas, el 13 de noviembre de 2023, el Sr. Hatton presentó una *Moción Solicitando Desestimación de la Segunda y Tercera Reconvención Enmendada*[7]. En esa ocasión, el peticionario alegó que la reclamación de la recurrida no incluye bases fácticas que fundamenten una acción por persecución maliciosa. Ante dicho escenario, el 13 de noviembre de 2023, la Sra. Durán presentó su *Oposición a Moción*

---

[1] Véase Apéndice II del recurso, págs. 2-5.
[2] Véase Apéndice III del recurso, págs. 6-16.
[3] Véase Apéndice III del recurso, págs. 16-20.
[4] Véase Apéndice IV del recurso, págs. 21-23.
[5] Véase Apéndice VIII del recurso, págs. 63-69.
[6] Véase Apéndice XII del recurso, págs. 95-102.
[7] Véase Apéndice XIV del recurso, págs. 104-115.

*Solicitando Desestimación de la Segunda y Tercera Reconvención Enmendada*[8]. El 27 de marzo de 2024, el TPI emitió una Resolución declarando *No Ha Lugar* la *Moción Solicitando Desestimación de la Segunda y Tercera Reconvención Enmendada* y la *Oposición a Moción Solicitando Desestimación de la Segunda y Tercera Reconvención Enmendada.* Inconforme con dicho dictamen, el 15 de abril de 2024, el Sr. Hatton presentó un recurso de *Certiorari* ante este Tribunal, en el cual arguye que el TPI cometió el siguiente error:

> **ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN DE RECONVENCIÓN EN LA QUE SE ESTABLECE QUE LA PRESENTACIÓN DE LA DEMANDA DE EPÍGRAFE PUDIERA DAR LUGAR A UNA RECLAMACIÓN DE DAÑOS BAJO LA DOCTRINA DE INTERFERENCIA TORTICERA CONTRACTUAL.**

-II-

**A. Certiorari**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[9] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[10] Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[11] Asimismo, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

---

[8] Véase Apéndice XV del recurso, págs. 116-120.
[9] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 2020 TSPR 104, 205 DPR 163 (2020), *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).
[10] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).
[11] *García v. Padró*, 165 DPR 324, 334 (2005).

justa.[12] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta.[13] Esto, por razón de que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

**B. Regla 40 del Reglamento del Tribunal de Apelaciones**

La Regla 40 de nuestro Reglamento[14], establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. La aludida regla establece lo siguiente:

> **El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:**
>
> **(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.**
>
> **(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.**
>
> **(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.**
>
> **(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.**
>
> **(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.**

---

[12] *Id.,* a las págs. 334-335.
[13] *Id.,* a la pág. 335.
[14] 4 LPRA Ap. XXII-B.

**(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.**

**(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[15]**

Este Tribunal sólo puede intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con perjuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo.[16] Si bien es cierto que determinar si un tribunal ha abusado de su discreción no es tarea fácil, ello ciertamente está relacionado de forma estrecha con el concepto de razonabilidad.

-III-

En síntesis, el peticionario aduce que erró el TPI al declarar *No Ha Lugar* la solicitud de desestimación de la segunda y tercera Reconvención enmendada. Luego de llevar a cabo un examen minucioso del recurso ante nos, y de revisar los criterios de la Regla 40, *supra,* concluimos que no existen razones que justifiquen nuestra intervención con la determinación recurrida. Como tribunal revisor, sólo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con prejuicio, parcialidad, con craso abuso de su discreción o se

---

[15] 4 LPRA Ap. XXII-B, R. 40.
[16] *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo.

El peticionario alega que la Reconvención carece de alegaciones que justifiquen la concesión de un remedio. Sin embargo, de un análisis de dicho escrito podemos colegir que las alegaciones que en él se hacen son suficientes para requerir una alegación responsiva. Por todo lo cual, determinamos que el TPI no abusó de su discreción mediante la Resolución emitida.

-IV-

Por los fundamentos antes expuestos se **deniega** el recurso de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*